*482 The opinion of the Court was delivered by
Wardlaw, J.
The Act of 1834, (7Stat. 469, sec. 3,) under which the defendant is indicted, prohibits classes of free white persons, to wit: distillers, venders and retailers of spirituous liquors, from selling, exchanging, giving or in any other way delivering any spirituous liquor to a slave, without a written and express order, from the owner or person having the care and management of such slave; but to free white persons, not within the enumerated classes, the prohibition and penalties of the Act do not extend. A selling of spirituous liquors to a slave without a permit, might, in a person not within the prohibited classes, be a dealing, trading or trafficing with a slave, punishable by the Act of 1817, (7 Stat. 454); but a' giving or delivering of such liquors to a slave, might in such person be in no way unlawful. The character of the defendant as either distiller, vender or retailer of spirituous liquors, is then an essential ingredient of the offence in a free white person, under the Act of 1834, and must be both alleged and proved.
The more general designation of the defendant as a free white person, might also seem to be required by the words of the Act, which, whilst it embraces all free persons of color and slaves, is confined to only the enumerated classes of free white persons. It has however been held, that under the peculiar provisions of our statutes for the trial of slaves and free persons of color, the very preferring of an indictment against a defendant in the Court of General Sessions, is an allegation that he is a free white person, as his pleading thereto is an admission that he is so — for if he is not, he is subject only to a peculiar jurisdiction. (State vs. Schroder, 3 Hill, 61.) The case of a third person mentioned in an indictment, whose character enters into the statutory description of an offence, has been held to fall under a different rule : (State vs. Clements, 1 Sp. 48; State vs. Clark, 2 Brev. 386.) There nothing as to the character of the third person is implied from the Court into which the defendant is called, nor from the defendant’s acknowledgment of its jurisdiction over him.
*483 The indictment in the case before us containing no allegation as to the character of the defendant, the judgment is arrested.
Motion in arrest of judgment, granted.
O’Neall, Withers, Whitner and Munro, JJ., concurred.

Motion granted.